[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 12-11671
Non-Argument Calendar

————————————————

D.C. Docket No. 1:11-cr-20615-RNS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MCKENZIE JEROME,
a.k.a. Jerome McKenzie,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(February 22, 2013)

Before TJOFLAT, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

A jury found McKenzie Jerome, a Bahamian national, guilty of attempted unlawful re-entry into the United States after having been removed subsequent to a conviction for an aggravated felony, pursuant to 8 U.S.C. § 1326(a) and (b)(2), and the District Court sentenced him to prison for 75 months, an upward variance from the Guidelines sentence range of 24 to 30 months.  He appeals his sentence as substantively unreasonable because the reasons the District Court gave for the variance were unjustified and the sentence constitutes an unwarranted disparity.

The incident that gave rise to Jerome's conviction occurred on August 17, 2011, when a Coast Guard cutter stopped a vessel, 20 to 25 feet in length, traveling northwest in the Florida Straits.  Jerome was operating the vessel.  Coast Guard officers boarded the vessel, and inquired as to the number of people aboard.  Jerome said there were 17.  He identified himself and another, Charles Cambridge, as Bahamian nationals; 15 of those aboard were from Haiti.  Jerome informed the officers that he owned the boat and that it was registered in the United States.  He was unable to provide proof of its registration, however.  The officers' visual inspection of the vessel revealed several hazards that were dangerous to Jerome and his passengers.[1]  As matters developed, the Coastguard seized the vessel and transported 14 of the Haitian nationals to Bahamian officials at Freeport Harbor.[2]  Jerome and Cambridge were taken to a Customs and Border Protection Office

---

[1]  For example, there were only eight life jackets for 17 people aboard, the fire extinguishers were inoperable, and the forward cabin was dark, hot, smelled badly and lacked adequate ventilation.

[2]  The remaining Haitian was hospitalized in Miami.

2

where they were detained for questioning.  On September 7, 2011, Jerome was arrested on the charge for which he was subsequently convicted.

We review a sentence for reasonableness, and do so under the deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 46, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007).  The relevant inquiry is "whether the sentence . . . fails to achieve the purposes of sentencing as stated in [18 U.S.C. §] 3553(a)." *Id.*  The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Id.* at 786 (summarizing 18 U.S.C. § 3553(a)).  The weight given to each factor is "a matter committed to the sound discretion of the district court."  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (citation omitted).

When reviewing a sentence outside the Guidelines sentence range, we may take into account the degree of variance from the range; extraordinary circumstances are not required, however, to justify a sentence beyond the range. *Gall*, 552 U.S. at 47, 128 S.Ct. at 594-95.  The court should explain why the variance is appropriate in a particular case, though.  In the end, we may vacate a

3

sentence as unreasonable only "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted).

Jerome fails to show that the District Court abused its discretion or imposed a substantively unreasonable sentence. The court expressly stated that it had considered and weighed the appropriate sentencing factors, including the nature and circumstances of the offense, which involved conduct that threatened the lives and safety of the 16 passengers on his boat, as well as his history and characteristics, which included a prior alien-smuggling offense.[3] The court expressly found that Jerome's case fell "outside of the heartland" of illegal re-entry offenses, and it noted that Jerome had not been deterred by his prior imprisonment for the same conduct. Based on the record, the court sufficiently explained why the upward variance was appropriate and the sentence was not greater than necessary to achieve the purposes of sentencing.

AFFIRMED.

---

[3] In 2004, Jerome was sentenced to prison for 35 months for attempting to bring 11 Haitians from the Bahamas to the United States by boat. After serving his sentence, he was removed.